JOHN NEWBURN v. THOMAS T. WOODS.

*Attachment—Fraud upon creditors.*

One who has bought property under an arrangement which would be fraudulent as against the creditors of the vendor, or by an unratified sale in which the vendor's agent has exceeded his authority, obtains no title which he can protect from attachments sued out by the vendor's creditors.

Error to Newaygo. (Fuller, J.) Jan. 23.—Feb. 8.

REPLEVIN. Plaintiff brings error. Affirmed.

*Fletcher & Wanty* for appellant. The fraud of which creditors can complain is one which is aimed at them, not one which is practiced on the debtor: Bump Fraud. Conv. ch. 3; *Pettus v. Smith* 4 Rich. Eq. 197; *Garretson v. Kane* 27 N. J. 208; *Eaton v. Perry* 29 Mo. 96; *Hovey v. Holcomb* 11 Ill. 660; *Prosser v. Edmonds* 1 Y. & C. Exch. Eq. 481; *Graham v. Railroad Co.* 102 U. S. 148; *McAlpine v. Sweetser* 76 Ind. 78.

*Turner & Carroll* for appellee.

CAMPBELL, J. Newburn sued defendant in replevin to recover certain goods held by defendant as sheriff upon attachment levies against Mary E. Pierson, on which judgments had been rendered to something-over $1100. Newburn claimed to have bought the goods from Mrs. Pierson for the price of $1500, of which he had paid $300, the rest being put on short time. The testimony of Mr. and Mrs. Pierson agreed that the price was $1500, but that Mrs. Pierson had not authorized her husband, who made the sale, to sell except for that amount in cash. Pierson testified that Newburn knew this, and that they together deceived Mrs. Pierson into supposing he had paid in full, and that she did not know of the fraud until after this attachment.

The court in substance instructed the jury that if the facts were as above stated the sale was void as to Mrs. Pierson and title never passed to Newburn, and she could not by subsequent ratification cut off the attachment. They were further instructed that if Mrs. Pierson sold the goods to Newburn for $300 cash and the rest on time, with intent to defraud her creditors, the plaintiff could not recover.

It is certainly questionable whether there was any evidence of her consent to such an arrangement or of any fraudulent intent. But if there was not, then the sale was, upon all the testimony, made without any authority at all and passed no title without further ratification. We can see no reason why in such a case Newburn can set up any rights against her creditors which he could not set up

against herself. They assert her title, and he is not entitled on such a transaction to prevail against her title. He took her property without right, and it did not cease to be hers. If she sold on the other terms, such a sale might, with the surrounding circumstances, justify a jury in considering the question of fraud. In either case we think Newburn was liable to the consequences which the court below applied, and the rulings were not erroneous.

The judgment must be affirmed with costs.

SHERWOOD and CHAMPLIN, JJ. concurred.

COOLEY, C. J. I have not been able to see how the creditors were at liberty to raise the question of the validity of the sale to the plaintiff under the facts of this case. The defect in the sale, if there was one, was an excess of authority in the agent in selling; and this the owner might or might not insist upon as she pleased. Nobody else could make the election for her; and there is strong evidence of election in this case to affirm.